IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOSHUA BERRY,                          )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )        CIVIL ACTION NO. 1:19-CV-260-WHA
                                       )                    [WO]
OFFICER GRIER,                         )
                                       )
        Defendant.                     )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Joshua

Berry, an indigent inmate incarcerated in the Houston County Jail in Dothan, Alabama.  Berry sues

Officer Grier alleging the jailer violated his due process rights and discriminated against him.  Doc.

1 at 1.  Berry requests costs associated with evaluation and treatment of his emotional distress, his

release from custody so he may receive treatment for his emotional distress, and termination of

Officer Grier's employment with the Houston County Jail.  *Id.* at 2.  Upon  a review, the court

concludes this case is due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## II.  DISCUSSION

**A.      Claims for Relief**

Berry complains Officer Grier violated his Fourteenth Amendment right to due process by

failing "to require the rights skills as [] a correctional officer and [by] discriminat[ing] [] against

[him]." Doc. 1 at 1. In response to the court's directive that he file an amendment to his complaint

---

[1]The court granted Berry leave to proceed *in forma pauperis*.  Doc. 3.  The court is therefore obligated to
screen the complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires
the court to dismiss the complaint prior to service of process if it determines that the complaint is frivolous,
malicious, fails to state a claim upon which relief may be granted or seeks monetary damages from a
defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

specifically describing how Officer Grier acted in violation of his equal protection rights, Berry's amendment alleges "mere threats constitute[] a constitutional wrong," and that he is not the only inmate at the county jail with a complaint against Officer Grier for "verbal abuse, racial slurs, derogatory and threatening statements." Doc. 5 at 1–2.

**B.      Discrimination**

To the extent Berry alleges Officer Grier's conduct in verbally threatening and harassing violates his right to equal protection, he is entitled to no relief. To establish a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . [An allegation] of ... discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977).  Mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (finding claims of mere disparity of treatment are insufficient to establish discrimination).

Berry fails to meet his pleading burden as he does not allege another inmate received more favorable treatment by Officer Grier, that the inmate was similarly situated to him, and that the

reason for the adverse treatment was based on a constitutionally impermissible reason. *Jones*, 279 F.3d at 946–47; *Damiano*, 785 F.2d at 932–33. In fact, Berry states Officer Grier subjects other inmates to the same verbal abuse as the jailer directs towards him. Doc. 5 at 2. Consequently, Berry's claim of discrimination fails to state a claim on which relief can be granted and is due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Verbal Abuse**

To state a viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). Generally, allegations that an officer made derogatory, demeaning, profane, threatening or abusive comments to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation. *See Hernandez v. Fla. Dep't of Corr.*, 281 Fed. App'x. 862, 866 (11th Cir. 2008) (finding that inmate's claim of "verbal abuse alone is insufficient to state a constitutional claim"); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (finding mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights); *Ayala v. Terhune*, 195 F. App'x. 87, 92 (3rd Cir. 2006) (finding "allegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (finding "acts ... resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (finding district court's summary dismissal of inmate's complaint for failure to state a claim appropriate because officer's insults and racial slurs did not amount to a constitutional violation);

*Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (finding verbal abuse, even if racially or ethnically motivated, does not give rise to a cause of action under § 1983); *Ivey v. Wilson*, 832 F.2d 950, 954-955 (6th Cir. 1987) (finding verbal abuse alone is not violative of the Eighth Amendment); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (finding "alleged verbal threats by jail officials ... did not rise to the level of a constitutional violation."); *Gaul v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (finding Eighth Amendment trivialized by assertion that mere threat constitutes a constitutional wrong); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (finding mere name-calling did not violate inmate's constitutional rights); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (finding verbal abuse, including threat of harm, not actionable under § 1983). This is true even for threats of violence, if such threats do not result in actual physical contact or are otherwise carried out, even when threats are without apparent justification. *Hernandez*, 281 Fed. App'x. at 866; S*imms v. Reiner*, 419 F. Supp. 468, 474 (N.D. Ill. 1976). Under these principles, Berry's allegations of verbal abuse and threats made by Officer Grier are insufficient to state a constitutional claim. This claim is, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that **on or before May 17, 2019**, Plaintiff may file an objection. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not

be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 3rd day of May 2019.


   /s/     Charles S. Coody
UNITED STATES MAGISTRATE JUDGE